UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

HAMAD YOUSIF MOHAMED                    CIVIL ACTION NO: 11-cv-0225
A# 072 191 560

VS.                                     JUDGE MINALDI

ERIC H. HOLDER, ET AL.                  MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on February 3, 2011, by *pro se* petitioner, Hamad Yousif Mohamed, pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). *Id.* He is presently detained at the Federal Detention Center, Oakdale, Louisiana. *Id.*

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

Petitioner is a citizen of Sudan. Doc. 8, att. 2. Petitioner claims that he has been in custody of the ICE since October 18, 2010. *Id.* Petitioner was ordered removed on December 13, 2010, on the basis of a conspiracy/robbery charge. *Id.* This order was final on December 13, 2010, because petitioner waived his appeal. *Id.* Petitioner alleges that ICE has been unable to remove him because the Sudanese government will not issue a travel document for his removal.

Doc. 1, p. 3.

Through the § 2241 petition now before the court, petitioner is challenging the validity of his removal based upon 8 U.S.C. § 1231(a)(6) as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

*Law and Analysis*

1. <u>Jurisdiction</u>

Pursuant to FED. R. CIV. PROC. 2(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

Petitioner was detained under 8 U.S.C. § 1231(a)(2), which provides that deportable aliens must be detained during the removal period – ninety days from the date that removal becomes final. This removal period may be extended, however, "if the alien fails or refuses to make timely applications in good faith for travel or other documents necessary to the alien's departure . . . ." 8 U.S.C. § 1241(a)(1)(C). During this suspension, the alien may remain detained. *Id.* If the alien

is detained beyond this period, ICE must conduct a post-order custody review. 8 U.S.C.§ 1231(a)

In *Zadvydas*, the Supreme Court held that a post-order removal must be limited to a period necessary to bring about the alien's removal from the United States. 533 U.S. at 689. Under normal circumstances, six months of detention constitutes a "necessary" time, but this six-month period is not mandatory. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). The alien bares the initial burden of proof in showing that no likelihood of removal exists," and the petitioner must show something "beyond conclusory statements" indicating that removal is not foreseeable. *Id.*

2. Timeliness

Petitioner's removal order became final on December 13, 2010. Petitioner's petition for writ of *habeas corpus* was filed on February 3, 2011 – well before the six month period of under § 1231(a)(2) had ran. Although petitioner argues that Sudan will not issue a travel document, this is not the type of indefiniteness contemplated by the *Zadvydas* court. *See Andrade*, 459 F.3d 538. On December 28, 2010 ICE submitted a request that Sudan issue a travel document for petitioner. Doc. 8, att. 2. On January 31, 2011, Sudan requested additional information regarding petitioner. *Id.* It is not yet known whether Sudan will issue the proper documents. Thus, even if the six months allowed under § 1231(a)(2) had ran – which they have not – petitioner still would not be entitled to *habeas* relief under *Zadvydas*.

*Recommendation*

Therefore, **IT IS RECOMMENDED** that the petition for writ of *habeas corpus* [doc. 1] be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE